OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
The People instituted this proceeding to have appellant’s dog declared dangerous pursuant to former Agriculture and Markets Law § 121. Appellant, in effect, consented to a finding that the dog was dangerous. The stipulated facts indicate that the dog had not caused serious physical injury to the individual it had bitten. The order of the Justice Court, insofar as appealed from, upon granting the People’s application to have appellant’s dog declared a dangerous dog under former Agriculture and Markets Law § 121, directed appellant to, among other things, keep the dog in a kennel while not in her house but permitted the dog to be outside for the period of time necessary for the dog to urinate, defecate, or receive medical treatment, and while being walked to and from the kennel.
Appellant contends that the Justice Court was not authorized to order the permanent confinement of the dog since the dog had not caused serious physical injury to the individual bitten by the dog.
Contrary to appellant’s contention, the order did not direct that the dog be permanently confined pursuant to former Agriculture and Markets Law § 121 (3). Insofar as the order provided for the confinement of the dog to a kennel, it was for limited periods of time when the dog was not inside appellant’s home or not being walked for the purpose of taking care of its bodily functions or to and from the kennel, or not receiving medical care. The humane confinement was clearly designed to prevent the dog’s escape, to protect the public from unauthorized contact with it, and to protect the dog from the elements (former Agriculture and Markets Law § 121 [2] [b]).
Accordingly, the order, insofar as appealed from, is affirmed.
Nicolai, EJ, and Iannacci, J, concur.